**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**JORGE ANIBAL TORRES PUELLO,:**

:
**Plaintiff**   **CIVIL ACTION NO. 3:14-0959**
:
**v.**
:     **(MANNION, D.J.)**
        **(MEHALCHICK, M.J.)**
**CROWN HEIGHTS SHMIRA, INC.,** :
**et al.,**
:
**Defendants**
:

# M E M O R A N D U M

Before the court is the report and recommendation of Judge Mehalchick, (Doc. 5), suggesting that plaintiff's request for a restraining order, (Doc. 2), be denied. No objections to the report and recommendation have been filed. For the following reasons, the report and recommendation is **ADOPTED IN FULL** and plaintiff's motion for a restraining order is **DENIED**.

**I.   BACKGROUND**[1]

Plaintiff Jorge Anibal Torres Puello, a citizen of Pennsylvania, brings this defamation action sounding in diversity against defendants Crown Heights Shmira, Inc., Meir Ezman, and Yossi Stern, who are New York citizens, and Nicolas Ezequiel Krasniker and Alberto Ruben Ferraro, who are citizens of Argentina. He alleges that the New York defendants in this action

---

[1] Background facts are taken from plaintiff's complaint. (Doc. 1).

published defamatory statements about him on flyers aimed at the Jewish community in the Crown Heights neighborhood of Brooklyn, New York and on the Internet. He alleges that he is falsely being characterized to the community as someone who pretends to be Jewish, who kidnaps young children, and who offers false jobs, among other false information. He also alleges that the Argentinian defendants posted similar defamatory statements on the website of Periodismo Kosher Argentina, a business that they own. Plaintiff seeks damages for these defamatory remarks.

Plaintiff also filed an emergency motion for a restraining order, alleging that he has been harassed by people, whom he does not identify, who read the published defamatory statements and believe that his children are actually victims of kidnapping. He alleges that an unknown person pulled defendant over while he was driving with his children in the car and harassed him at gunpoint as a result of the publications of defendants. (Doc. 2). He requests that the court issue a temporary restraining order mandating that the previously published statements be removed, and that no more such defamatory statements be published.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III.    DISCUSSION**

As Judge Mehalchick's report explains, there is a choice of law issue in this case, and it is unclear whether the substantive law of New York or Pennsylvania should govern, as plaintiff's reputational interest extends beyond Pennsylvania to New York and Argentina. However, the choice of law

3

question need not be resolved to decide plaintiff's motion for a temporary restraining order. Both Pennsylvania and New York ascribe to the majority rule that "equity will not enjoin a libel." Metro. Opera Assoc., Inc., v. Local 100, Hotel Emps. And Restaurant Emps. Int'l, 239 F.2d 172, 177 (2d Cir. 2001); Kramer v. Thompson, 947 F.2d 666, 677-78 (3d Cir. 1991)("the maxim that equity will not enjoin a libel has enjoyed nearly two centuries of widespread acceptance at common law"). Moreover, injunctions against speech have been found to be unconstitutional prior restraints on the exercise of free speech in both jurisdictions. *See* Metro. Opera, 239 F.2d, at 177; Kramer 947 F.2d, at 673-675 (*summarizing* Willing v. Mazzocone, 393 A.2d 1155 (Pa. 1879)).

Additionally, Judge Mehalchick's report accurately notes that plaintiff's request for a temporary restraining order fails to make any showing of irreparable injury. Courts in Pennsylvania and New York have repeatedly noted that, absent extraordinary circumstances, damages are an adequate remedy for defamation. *See* Metro. Opera, 239 F.2d, at 177; Kramer, 947 F.2d, at 675; Graboff v. American Assoc. of Orthopaedic Surgeons, 2013 WL 1875819, at *5 (E.D. Pa. May 3, 2013).

Thus, plaintiff's request for an injunction, (Doc. 2), is **DENIED** because it is barred by common law prohibiting injunctions against defamatory speech, it requests an unconstitutional prior restraint, and because it fails to identify any irreparable harm or injury.

**IV.	CONCLUSION**

For the foregoing reasons, the report and recommendation of Judge Mehalchick, (Doc. 5), is **ADOPTED IN FULL** and plaintiff's motion for a temporary restraining order, (Doc. 2), is **DENIED**. The case is referred back to Judge Mehalchick for further proceedings. A separate order shall issue.

				s/ *Malachy E. Mannion*
				**MALACHY E. MANNION**
				**United States District Judge**

**Date: July 7, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0959-01.wpd